UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JJ Holand Limited,

           Plaintiff,

vs.

Fredrikson & Byron, P.A.,
Dean R. Karau, and David C. West,

           Defendants.

Civil No. _____

**EXHIBIT I**
Plaintiff's Complaint

---

Suite 4000
Minneapolis, MN 55402-1425
Direct Dial: 612.492.7178
Main Phone: 612.492.7000
Fax: 612.492.7077
E-mail: dkarau@fredlaw.com

This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (612) 492-7000.

-----Original Message-----
From: jjhbvi02@aol.com [mailto:jjhbvi02@aol.com]
Sent: Monday, October 25, 2004 7:13 AM
To: Karau, Dean
Cc: jcornthwaite@wedlakebell.com
Subject: (no subject)

Dear Dean

Keith and I have spent an uncomfortable weekend digesting the alarming news you imparted in my telephone conversation with you on Friday last.

As I understand it, you have recently undertaken research into similar cases where trade mark validity was challenged on the basis of 'fraudulent' Statements of Use. These precedents have led you to revise your opinion on the merits of Potomac's challenge, which you now believe has a very strong chance of success. This is based on the fact that the Statement filed in respect of YES! should have excepted every item in Class 34 which was not then in use, i.e. everything other than cigarettes. You have told me that, in similar circumstances, challenges have been upheld and marks cancelled. You have suggested that there is no defence of "inadvertence" or "attorney error" which might assist us.

JJH has relied throughout on F&B's professional counsel and services, including preparation of Statement of Use templates. Therefore, this shocking news comes as a great surprise and disappointment. However, before deciding what our strategy should be, we need definitive written information and opinion from you as a matter of urgency, as follows:

1)   What are the details of the precedents you have discovered, including the dates of decisions and the dates of the registrations to which they relate? Has any of them been cited by Potomac's counsel?

2)   Do any relate to Class 34 marks? This is an unusual Class, in that all the products are interrelated and sold in the same channel of trade. Does this provide us with a possible 'escape' argument in relation to Potomac's challenge, and/or to a similar challenge to any of the other registrations referred to in paragraph 5 below? If so, how strong would our argument be?

3)   What is your considered prognosis, in relation to YES!, i.e. how likely (in percentage terms) is it that Potomac's opposition will succeed?

4)   If you still think Potomac will succeed in cancelling our YES! registration, what do you propose to do to rectify the situation, i.e. what is the best and most cost-effective strategy for achieving a situation in which we have a valid US registration for YES! and Potomac does not?

5)   Are our other US registrations - GOLDEN, MILLENNIUM & ZODIAC - equally vulnerable to attack? Similar Statements of Use were compiled in each case, whilst only cigarettes were then currently in use.

6)   What unassailable intellectual property do we have in these four 'registrations'? How might this be reinforced or augmented, e.g. by making individual applications for State registrations in the areas where sales are ongoing or contemplated?

I look forward to your URGENT response.

10/30/2004

Kindest regards

Ian Hoskins

10/30/2004